**UNITED STATES BANKRUPTCY COURT**
**FOR THE WESTERN DISTRICT OF VIRGINIA**
**ROANOKE DIVISION**

| | |
|---|---|
| **In re:** | |
| **ADINA NAOMI SEXTON** | **Chapter 7** |
| | **Case No. 13-70230** |
| Debtor. | |
| **ADINA NAOMI SEXTON** | |
| Plaintiff | |
| v. | |
| | **Adversary Case No. 13-07037** |
| **DEPARTMENT OF TREASURY,** | |
| **INTERNAL REVENUE SERVICE** | |
| Defendant. | |

**MEMORANDUM OPINION**

The matter before the Court is the government's motion to reopen the debtor's closed bankruptcy case and adversary proceeding. On April 1, 2014, the Court entered a Memorandum Opinion (the "Opinion")[1] and corresponding Order (the "Order")[2] denying the government's Rule 12(b)(1) motion to dismiss, Rule 12(b)(6) motion to dismiss, and motion for entry of a *nunc pro tunc* order retroactively annulling the automatic stay, as well as granting Ms. Sexton's action to enforce the automatic stay.[3] In the Opinion, the Court concluded the government violated the automatic stay of section 362 and, as required by section 362(k)(2) of the Bankruptcy Code,

---

[1]    *See* Opinion, *Sexton v. Dep't of Treasury, IRS (In re Sexton)*, 13-07037 (Bankr. W.D. Va. Apr. 1, 2014) ECF Doc. No. 28.

[2]    *See* Order, *Sexton v. Dep't of Treasury, IRS (In re Sexton)*, 13-07037 (Bankr. W.D. Va. Apr. 1, 2014) ECF Doc. No. 29.

[3]    For a more detailed factual history of the case, all of which is incorporated herein, see Opinion at 2–5, *Sexton v. Dep't of Treasury, IRS (In re Sexton)*, 13-07037 (Bankr. W.D. Va. Apr. 1, 2014) ECF Doc. No. 28.

permitted Ms. Sexton to submit evidence on actual damages to tax the government, "if she so requests." Opinion at 32, *Sexton v. Dep't of Treasury, IRS (In re Sexton),* 13-07037 (Bankr. W.D. Va. Apr. 1, 2014) ECF Doc. No. 28. On April 16, 2014, after the fourteen-day time period to appeal had lapsed,[4] the Court closed the adversary proceeding, and on May 8, the Court closed Ms. Sexton's main bankruptcy case as well. Thereafter, on May 12, the government filed a motion to reopen the case, which the Court set for hearing on June 5. Motion to Reopen, *Sexton v. Dep't of Treasury, IRS (In re Sexton),* 13-07037 (Bankr. W.D. Va. May 12, 2014) ECF Doc. No. 33 [hereinafter *Motion to Reopen*].

According to the government's motion to reopen, and reiterated by counsel at the hearing, the government's position is that the Court only ruled on one of Ms. Sexton's two claims in her complaint. *Id.* at 2. "As to the debtor's 'First Claim', the Court granted her request for an order to return the funds. As to the debtor's 'Second Claim' for damages, the Court invited her to submit evidence of damages recoverable . . . . Accordingly, the Court's memorandum Opinion and accompanying Order . . . are not a final judgment order." *Id.* The motion goes on to assert that pursuant to Federal Rule of Bankruptcy Procedure 7054, when a complaint includes two counts, any judgment of the court on only one of those counts is interlocutory and, thus, not appealable. *Id.* Therefore, the government argues, because the Court closed the adversary proceeding and main bankruptcy case without having entered a final judgment, the Court did so inappropriately and cause exists to reopen the case. *Id.* at 3. The motion further argues that Federal Rule of Bankruptcy Procedure 7058 "requires a separate final

---

[4] Fed. R. Civ. P. 802(a).

2

judgment to be issued in this case." *Id.* Ultimately, the government believes that without a final judgment, it would be "deprived of its right to appeal."[5]

Although Ms. Sexton's counsel did not file a formal response to the government's motion to reopen, he appeared at the hearing and made a brief argument. Contrary to the government's contentions, counsel for Ms. Sexton asserted that the Court's Opinion and Order finally adjudicated all material factual and legal issues by completely addressing all affected property and rights thereof. Addressing the government's assertion that Rule 7054 required the Court to rule on all matters of the two-count complaint completely, debtor's counsel claimed that the rule was merely an enabling provision. The point of the rule, according to debtor's counsel, was to allow the courts to adjudicate fewer than all claims presented in a complaint by expressly providing such in the judgment order. Thus, Rule 7054 was inconsequential to the Court's decision to reopen. At the conclusion of the arguments, the Court took the matter under advisement.

Although not expressly cited in the government's motion to reopen, Section 350(b) of the Bankruptcy Code enables a court to reopen a previously-closed bankruptcy case. That provision provides, "[a] case may be reopened in the court in which such case was closed to administer assets, to accord relief to the debtor, or for other cause." 11 U.S.C. § 350(b). In analyzing this provision, the Fourth Circuit has adopted a "discretionary" approach to reopening, where the court should consider the totality of the circumstances in each particular case. *See Hawkins v. Landmark Finance Co. (In re Hawkins)*, 727 F.2d 324, 326 (4th Cir. 1984); *In re Jones*, 367 B.R. 564, 567 (Bankr. E.D. Va. 2007).

---

[5] According to the motion to reopen, as well as statements of counsel at the hearing, the government has not yet reached a decision on whether it will ultimately appeal the Court's decision. *See Motion to Reopen* at 3.

3

The Court assumes that in this case the government's basis to reopen the case is "for other cause"—i.e., the entry of a final judgment decree and restarting of time to appeal.[6] When a court reopens a case "for other cause," the determination of whether cause exists is within the court's discretion. *In re Hardy*, 209 B.R. 371, 379 (Bankr. E.D. Va. 1997). In exercising this discretion, the court "must determine what circumstances will give rise to the Court properly exercising its sound discretion." *Id.* Importantly, however, the court should be cautious not to rule on the merits of the underlying matter to be considered, as doing so would require the movant to prove the merits of the matter twice. *Jones*, 367 B.R. at 567.

Although the Court has discretion in reopening a case for cause, the burden of establishing that cause exists is on the party seeking the reopening. *Hardy* 209 B.R. at 374. Moreover, courts in Virginia have held that a court should reopen a case "only upon a showing of compelling circumstances." *In re Mutts*, 131 B.R. 306, 307 (Bankr. E.D. Va. 1991). Among the factors a court should consider are the "delay between the closing of the case and the motion to reopen as well as the prejudice it would cause to the nonmovant." *In re Parson*, No. 01-73786-SCS, 2007 WL 3306678, at *7 (Bankr. E.D. Va. Nov. 6, 2007). Furthermore, a court should not reopen a case "where it appears that to do so would be futile and a waste of judicial resources." *In re Carberry*, 186 B.R. 401, 402 (Bankr. E.D. Va. 1995). Examples of when courts have reopened a case for cause include allowing a party to modify a discharge injunction and interpreting the terms of a confirmed plan. *See generally In re Shondel*, 950 F.2d 1301 (7th Cir. 1991); *In re Zinchiak*, 280 B.R. 117 (Bankr. W.D. Pa. 2002).

Here, the Court declines to reopen the case. According to the government's arguments the "cause" here would be the administrative mistake of closing the case prior to the entry of a

---

[6] Section 350(b) provides only three reasons for a Court to reopen a case, and although the government did not expressly argue under any of these purposes, the Court does not believe reopening would accord any relief to the debtor or allow for further administration of assets of the estate. *See* 11 U.S.C. § 350(b).

4

final judgment decree, based on the fact that the Court never ruled on the matter of attorney's fees and costs.  The government, however, has provided the Court with no authority to suggest such an administrative mistake is proper cause to reopen, let alone sufficient to satisfy the high burden of demonstrating a "compelling circumstance."

In this case, the only real effect of reopening would be to restart the time for the government to appeal the Court's ruling, if it so chooses.[7]  The Court believes that reopening a case solely for the purpose of allowing a creditor to appeal is not only improper, but it also does violence to one of the central purposes of the Bankruptcy Code.  As the Fourth Circuit aptly stated:

> [I]t must be borne in mind that re-opening defeats one of the major purposes of the Bankruptcy Act; to stabilize an insolvent debtor's financial position at the time of the filing of the petition, to relieve him of his existing financial burdens, and to provide his then assets for the relief of his creditors.  Re-opening removes the element of certainty from the adjudication and settlement of the estates.  It is as essential to the creditors as it is desirable to the bankrupt that this element of certainty be destroyed only for the most compelling cause.

*Reid v. Richardson*, 304 F.2d 351, 355 (4th Cir. 1962).  Reopening a case for the sole purpose of affording a creditor a second opportunity to appeal would destroy the important element of certainty and hamper Ms. Sexton's efforts to begin her fresh start.

Although the government petitioned to reopen the case only a few days after the closing of Ms. Sexton's main bankruptcy case, it was weeks after the Court closed the adversary proceeding in which the Court could award damages.[8]  If the government were diligently awaiting its opportunity to appeal, it could have filed the motion to reopen after the closing of the

---

[7] Additionally, if the government ultimately decides not to appeal the decision, reopening the case would accord no relief to any party and would have no practical effect in the case.

[8] Assuming *arguendo* the government believed the appeals period did not begin until the Court fixed damages, upon the close of the adversary proceeding, the issue of damages was settled and the 14-day window for appeal would commence on that date.  Thereafter, the main bankruptcy case remained open for another 15 days, in which the government could have appealed the decision or petitioned the Court to reopen the adversary to appeal.  Once again, it did not do so.

adversary proceeding, filed its notice of appeal in the main bankruptcy case between the time the Court closed the main case and the adversary proceeding, or inquired from the Court as to when the appeals period would begin to run. It did none of these things.

Furthermore, the Court believes that reopening the case would be futile. Contrary to the government's assertion, the Court's Opinion and Order entirely disposed of both of Ms. Sexton's claims. The Court understands Ms. Sexton's two claims to have been that (1) the government violated the stay by intercepting the tax overpayment and (2) the government willfully and deliberately violated the stay by continuing to withhold and refusing to release the tax overpayment. *See* Complaint, *Sexton v. Dep't of Treasury, IRS (In re Sexton),* 13-07037 (Bankr. W.D. Va. Aug. 16, 2013) ECF Doc. No. 1. In the Opinion, the Court ruled that the government's actions, both in withholding and refusing to release the tax overpayment, violated the automatic stay. To prove a violation of the automatic stay, section 362 of the Code only requires a finding that a creditor took action that is not expressly permitted under 362(b). When the Court determined that the government engaged in such prohibited conduct without first having obtained relief from the stay—here, the intercepting *and* retaining of the overpayment—the Court had ruled on the merits of both causes of action. At that time, the Court had settled all legal rights and obligations of the parties, for which the issue of damages was not material.

Upon review of the case law, the Court is aware of several courts that have held that a cause of action is not finally adjudged until the court sets damages. *See, e.g., International Controls Corp. v. Vesco*, 535 F.2d 742 (2d Cir. 1976) (remanding the action to the district court for failing to fix damages for all of the plaintiff's claims for violation of fiduciary duties and Rule 10b-5 of the Securities and Exchange Commission); *Amoco Overseas Oil Co. v. Compagnie Nationale Algerienne de Navigation*, 459 F. Supp. 1245 (S.D. N.Y. 1978) (holding

that a default judgment on the plaintiff's action to recover the value of missing cargo was not a final ruling, because the court failed to determine the value of the absent cargo). Those instances, however, involve causes of action in which damages are expressly required as an element of the plaintiff's claim or were central to the dispute.[9] Bankruptcy Code section 362 does not require the debtor to suffer any damages for the court to find a violation of the stay. Accordingly, Ms. Sexton was not compelled to prove any damages to prevail on her claim, and when the Court ruled that the government had in fact violated the stay, the ruling was final.

Finally, this ruling comports with the provisions of the Federal Rules of Bankruptcy Procedure as well. Federal Rule of Civil Procedure 58(e)[10] reads, "the entry of judgment may not be delayed, nor the time for appeal extended, in order to tax costs or award fees." Entering a final judgment, however, does not deprive the prevailing party of the opportunity to petition for fees and costs. FED. R. CIV. P. 58(e). The Court's ruling merely reiterated this provision by acting as a final judgment and specifying that Ms. Sexton could petition for any actual damages, if she had sustained any. Withholding final judgment to allow Ms. Sexton to seek damages that were not material to the merits of the action would run afoul of the express provisions of Rule 58(e).

Furthermore, the Court's ruling conforms with the requirements of Federal Rule of Civil Procedure 54[11] as well. Rule 54(a) defines a "judgment" as "a decree and any order from which

---

[9] Moreover, other courts suggest when a "mechanical" formula is available to set damages, there is no just reason to delay entry of a final judgment. *See Pearson v. Exide Corp.*, No. 99-4104, 2002 WL 93052, at *2 (E.D. Pa. Jan. 22, 2002) ("Furthermore . . . this case does not present a situation where a formula has been articulated by the court that may be mechanically applied to determine which expenses are reasonable."). Here, the determination of actual damages would be easily determined, as Ms. Sexton's counsel was pro bono, the Court waived the filing fee, and the debtor did not lose wages, so there may have been no actual damages for her to tax the government. Thus, there was no reason for the Court to delay entering the final judgment.

[10] Applicable via Federal Rule of Bankruptcy Procedure 7058.

[11] Applicable via Federal Rule of Bankruptcy Procedure 7054.

an appeal lies" and specifies that it should *not* include "recitals of pleadings, a master's report, or a record of prior proceedings." Rule 54(b) authorizes the court to enter "a final judgment to one or more, but fewer than all, claims or parties only if the court expressly determines that there is no just reason for delay." Here, the Court's "judgment" was the Order,[12] rather than the Opinion.[13] The Court's Order entered a final judgment on both claims and each of the government's various motions, and it did not leave any question open regarding damages nor did it note that it was a ruling on fewer than all of the plaintiff's claims. Thus, the Order adjudicated all claims included in the complaint and complies with Rule 54.

In conclusion, the Court **DENIES** the government's motion to reopen the debtor's bankruptcy case. The Court finds that the government has not met its burden in showing sufficient cause exists to reopen the case and that reopening would be futile and a waste of judicial resources. The Court holds that the Opinion and Order constituted a final judgment, and reopening the case would only afford the government additional time to file an appeal, which is not a "compelling circumstance."

The Court will contemporaneously issue a separate order consistent with this opinion.

Dated: 7/21/2014

_____
Rebecca B. Connelly
U.S. Bankruptcy Judge

---

[12] Order, *Sexton v. Dep't of Treasury, IRS (In re Sexton)*, 13-07037 (Bankr. W.D. Va. Apr. 1, 2014) ECF Doc. No. 29.

[13] The Court's Opinion included a recital of pleadings and, thus, was expressly *not* a "judgment" as defined by Federal Rule of Bankruptcy Procedure 7054.